UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MITCHELL P. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01919-JPH-KMB |
| ) | |
| RICHARD GASKINS, ) | |
| ) | |
| Defendant. ) | |

**ORDER RECONSIDERING *IN FORMA PAUPERIS* STATUS,
SCREENING COMPLAINT, AND DIRECTING SERVICE OF PROCESS**

Plaintiff Mitchell P. Hall is a prisoner currently incarcerated at Plainfield Correctional Facility. He alleges that the defendant deprived him of his job and college class and placed him in unsanitary conditions in segregation without reason. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I.    In Forma Pauperis Status

The plaintiff's motion to order the defendant to pay his filing fee, dkt. [13], is **denied**. However, the Court reconsiders the assessment of an initial partial filing fee. Although the records initially presented to the Court suggested that the plaintiff had the ability to pay an initial partial filing fee, the Court credits his current representations in his motion that, in reality, he cannot. The Court therefore finds that the plaintiff does not have the assets or means to pay the initial partial filing fee originally assessed. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing

1

fee, 28 U.S.C. § 1915(b)(4), the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case.

Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III. The Complaint

The complaint alleges that on August 3, 2023, Mr. Hall worked in the law library and also took classes through Indiana Wesleyan University. As he walked down the hall from his job to his class, Officer Richard Gaskins asked Mr. Hall why he was in Officer Gaskins' hallway. When Mr. Hall answered, Officer Gaskins said "Inmate, you are no longer a law clerk and do not step back into my school again." Mr. Hall tried to explain that he had permission to be in the hall, but he was still escorted out of the building.

The following week, the law library supervisor provided Mr. Hall with a pass to attend school. The officer at the checkpoint told Mr. Hall he was allowed to attend class, but not allowed to be in the law library, based on Officer Gaskins' orders. After class, Officer Gaskins saw Mr. Hall in the hallway and immediately escorted him to a segregation cell that was covered in vomit, urine, and feces. He was left there until he was placed in a different segregation cell for three days with no mattress, medication, or hygiene supplies. He was then moved to a disciplinary dorm, but all of his personal property was lost.

He seeks injunctive relief and compensatory and punitive damages.

### IV. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any claim for the loss of personal property is **dismissed** for failure to state a claim. The Fifth Amendment states "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). *See also Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2174 (2019) ("It is not even possible for a State to provide pre-deprivation due process for the unauthorized act of a single employee." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981))).

Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch*, 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the

State fails to provide due process."). Because Mr. Hall has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation.

Second, the Seventh Circuit has clearly indicated that a prisoner has no property or liberty interest in prison employment. *See, e.g., Wallace v. Robinson*, 940 F.2d 243, 248 (7th Cir. 1991) (en banc) (prisoner has no constitutional right to particular job assignment). As such, the denial of or removal from a job alone does not create a cognizable ground for relief under due process. Moreover, the denial of a job does not violate the Eighth Amendment. The same is true for educational programming.

Mr. Hall's Eighth Amendment conditions-of-confinement claim **shall proceed** against Officer Gaskins. Mr. Hall has alleged sufficient facts to state a conditions of confinement claim. Prison officials must "provide inmates with 'reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities.'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019); *see also Thomas v. Blackard*, 2 F.4th 716, 721 (7th Cir. 2021) (noting that a prisoner's exposure to human waste in cell is sufficient to establish unsanitary conditions under the Eighth Amendment).

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 22, 2024,** in which to identify those claims.

## V. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue electronic process to defendant Gaskins in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MITCHELL P. HALL
881479
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168


Electronic service to Indiana Department of Correction:
    Richard Gaskins (At Plainfield Correctional Facility)


Financial Deputy Clerk